**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARRYL CONWAY**, IDOC # M01100, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO. 12-311-GPM** |
| ) | |
| **OFFICER COWELL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Darryl Conway is a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is serving a sentence of forty years' imprisonment at the Menard Correctional Center ("Menard") for murder. Conway brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. At this time Conway's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   Though a court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.   However, the factual allegations of a pro se complaint are to be liberally construed.   *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Conway's complaint, Conway is innocent of the charge for which he was convicted and is serving time.   As a result of his wrongful conviction, Conway claims, he has been subjected to various indignities and hardships of prison life, such as being menaced by prison guards and required to share cells with prisoners who are of doubtful sanity or who are affiliated with prison gangs.   Conway alleges also that his nickname is "Rah Illah" and that his nickname has been used in popular songs in order to destroy his reputation by calling public attention to Conway's incarceration (which, as noted, Conway claims is wrongful).   Named as Defendants are the State of Illinois, the Placement Office at Menard, and Officer Cowell and Sergeant Dunn, who are guards at Menard.   Conway demands $750,000 in damages, that the Menard Placement Office be closed, that Cowell and Dunn be fired or demoted and transferred out of Menard, that Conway not be celled with gang-affiliated prisoners, and that the Court enter an order prohibiting references to Conway's imprisonment in popular media.

As an initial matter, the Court notes that neither the State of Illinois nor the Placement Office at Menard is a proper party to Conway's claim for damages. "[T]he Eleventh Amendment prohibits a suit in federal court 'in which the State or one of its agencies or departments is named as the defendant.'" *Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). A state may waive Eleventh Amendment immunity. *See Florida Dep't of Health & Rehabilitative Servs. v. Florida Nursing Home Ass'n*, 450 U.S. 147, 149-50 (1981); *MCI Telecomms. Corp. v. Illinois Bell Tel. Co*., 222 F.3d 323, 337 (7th Cir. 2000). However, Illinois has waived its sovereign immunity only to the extent of authorizing itself to be sued in the Illinois Court of Claims. *See Brooks*, 578 F.3d at 579 (citing 705 ILCS 505/8(d)); *Williamson Towing Co. v. Illinois*, 534 F.2d 758, 759-60 (7th Cir. 1976). Additionally, with respect to 42 U.S.C. § 1983, under which, as noted, Conway brings this suit, that statute provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. In general, "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983[.]" *Johnson v. Illinois Supreme Court*, 165 F.3d 1140, 1141 (7th Cir. 1999). Also, while it is the case that Congress can abrogate state sovereign immunity, Section 1983 does not abrogate the Eleventh Amendment immunity of a state and its agencies from suit in federal court. *See Quern v. Jordan*, 440 U.S. 332, 338-45 (1979); *Meadows v. Indiana*, 854 F.2d 1068, 1070 n.3 (7th Cir. 1988). Claims against state employees in their official capacities are deemed, of course,

to be claims against a state for Eleventh Amendment purposes. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. Department of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 969 (7th Cir. 1994). Similarly, state employees sued in their official capacities, are not "persons" within the meaning of Section 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Ryan v. Illinois Dep't of Children & Family Servs.*, 185 F.3d 751, 758 (7th Cir. 1999). Also, prisons and departments thereof generally are not deemed to be "persons" for purposes of Section 1983. *See De La Garza v. Kandiyohi County Jail, Corr. Inst.*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming dismissal of a county jail on the grounds that a jail is not an entity subject to suit under Section 1983); *Hale v. Arizona*, 993 F.2d 1387, 1399 (9th Cir. 1993) (neither the Arizona Department of Corrections nor the agency supervising its prison industries is a "person" under Section 1983); *Marion v. Columbia Corr. Inst.*, No. 07-C-243-C, 2009 WL 1181255, at *5 (W.D. Wis. May 1, 2009) (a state prison is not a "person" for purposes of Section 1983); *Marsden v. Federal Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) ("[A] jail is not an entity that is amendable to suit" under Section 1983); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (the Cook County Jail is not suable under Section 1983). In sum, Conway cannot maintain Section 1983 claims for damages against the State of Illinois and the Menard Placement Office.[1]

---

1.   It should be noted that the Eleventh Amendment does not preclude a suit for prospective relief against a state, its agencies, and state employees sued in their official capacities. *See Edelman v. Jordan*, 415 U.S. 651, 663-64 (1974); *Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Ameritech Corp. v. McCann*, 297 F.3d 582, 585-86 (7th Cir. 2002); *Luder v. Endicott*, 253 F.3d 1020, 1024-25 (7th Cir. 2001). Also, for purposes of claims for equitable relief, state employees sued in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (citing *Graham*, 473 U.S. at 167 n.14). The Court notes these points merely because, as already has been discussed, Conway seeks prospective relief in addition to damages.

A still more serious problem for Conway is that this case presents a straightforward collateral attack on Conway's prison sentence in the form of an action under 42 U.S.C. § 1983. The disposition of Conway's Section 1983 challenge to his sentence is equally straightforward: the Court cannot entertain a prisoner's collateral attack in the form of a suit under Section 1983 on a prison sentence that has not been expunged or invalidated. In general, a plaintiff convicted or sentenced for an offense may not bring an action under Section 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, "when a prisoner seeks damages under federal civil rights law for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus." *Miller v. Indiana Dep't of Corr*., 75 F.3d 330, 331 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486). The principal federal remedy for an allegedly improper prison sentence is an application for a writ of habeas corpus. In *Heck* the Court explained,

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [pursuant to] 28 U.S.C. § 2254.

512 U.S. at 486-87. This does not mean, it is worth pointing out, that this Court is authorized to construe Conway's complaint in this case as a petition for a writ of habeas corpus. "[W]hen a suit that should have been prosecuted under the habeas corpus statute is prosecuted as a civil rights suit

instead, it should not be 'converted' into a habeas corpus suit and decided on the merits." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  Instead, a prisoner's civil rights suit "should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus. The reasons are various, and include the fact that habeas corpus for state prisoners requires exhaustion of state remedies and that prisoners generally are limited to seeking federal habeas corpus only once."  *Id*.   The Court concludes that Conway's Section 1983 suit is due to be dismissed.[2]

---

2.   It perhaps is worth noting that, even if Conway's claims in this case were not *Heck*-barred, they are not of constitutional dimension.  Although Conway alleges that he was threatened by Cowell and Dunn on an unspecified occasion, mere threats by prison guards, absent a credible danger of physical harm, do not rise to the level of a constitutional violation. *See Antoine v. Uchtman*, 275 Fed. Appx. 539, 541 (7th Cir. 2008) (racist and threatening statements by state prison guards do not violate a prisoner's constitutional rights, because "the Constitution does not compel guards to address prisoners in a civil tone using polite language."); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir.2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (collecting cases).   *Cf. Northington v. Jackson*, 973 F.2d 1518, 1523-24 (10th Cir. 1992) (a prisoner's allegation that a guard put a gun to his head and threatened to shoot him stated an Eighth Amendment claim); *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986) (a prison guard pointed a gun at a prisoner, cocked it, and threatened to shoot).  As to Conway's complaints about being celled with prisoners who are mentally unstable and/or gang-affiliated, Conway does not allege that he was ever in serious danger of harm or that prison officials were deliberately indifferent to that danger.   "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)) (brackets omitted).  "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment and thus falls outside the Eighth Amendment." *Id*. (quoting *Farmer*, 511 U.S. at 838) (brackets omitted).  Finally, as to Conway's claim that his incarceration is being publicized through popular songs, this is simply nonsensical raving to which the Court attaches no significance whatever.  *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quoting *Neitzke*, 490 U.S. at 327) (in assessing frivolity, courts have "the authority to 'pierce the veil of the complaint's factual allegations'" and "a court is not bound . . . to accept without question the truth of the plaintiff's allegations.").

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that the complaint in this case is frivolous, and therefore this action is **DISMISSED with prejudice**.  Conway is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  April 20, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge